UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. LANDEROS,<br><br>    Petitioner,<br><br>    v.<br><br>DONALD TRUMP U.S.A PRESIDENT, ET AL.,<br><br>    Respondents. | No. ED CV 25-250-TJH(E)<br><br><br>ORDER DISMISSING "PETITION FOR WRIT OF HABEAS CORPUS" WITHOUT PREJUDICE |

**PROCEEDINGS**

The "Petition for Writ of Habeas Corpus" ("the Petition"), filed January 29, 2025, represents Petitioner's most recent attempt to overturn a 2019 immigration order of removal and subsequent decisions of the Ninth Circuit Court of Appeals denying relief to Petitioner. As discussed below, the Court lacks jurisdiction over the Petition.

///
///
///
///

**BACKGROUND**

In dismissing a previous habeas petition filed by Petitioner in 2024, this Court stated:

> In November of 2019, Mr. Landeros filed a petition for review in the United States Court of Appeals for the Ninth Circuit, seeking the Circuit's review of a "final order of removal entered by the Adelanto Immigration Court in Adelanto, California, dated 11/8/2019" (Ninth Circuit Case No. 19-72855, Doc. 1-4, p. 2). In that proceeding, which lasted more than four years, Petitioner argued, <u>inter alia</u>, that immigration proceedings had violated his constitutional rights, including his due process rights. On March 29, 2024, the Ninth Circuit filed an unpublished "Memorandum," denying Mr. Landeros' petition for review (Ninth Circuit Case No. 19-72855, Doc. 41-1).

("Order Dismissing Petition Without Prejudice," filed May 1, 2024 in <u>Landeros, et al. v. Biden</u>, ED CV 24-842-TJH(E), pp. 2-3).

The present Petition again invites this Court's review of the decision of the Immigration Court and the decision of the Ninth Circuit in Ninth Circuit Case No. 19-72855 (Petition, p. 13). The present Petition also invites this Court's review of other Ninth Circuit decisions, including a recent decision dismissing as "frivolous" an appeal from this Court's judgment in <u>Landeros v. Biden, et al.</u>, CV 24-688-PSG(DTBx) (<u>id.</u>; "Order," filed January 23, 2025, in Ninth Circuit Case No. 24-5484).

As the Court previously advised Petitioner in <u>Landeros, et al. v. Biden</u>, ED CV 24-842-TJH(E), this Court lacks jurisdiction to review orders of removal:

> The REAL ID Act of 2005 ("the Act"), signed into law May 11, 2005, generally provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal. . . ." 8 U.S.C.

2

1 § 1252(a)(5) (as amended by section 106(a) of the Act).  The Act "eliminated district court habeas jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals."  Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006) (citation omitted); accord Paz v. California, 2019 WL 1581418, at *4 (C.D. Cal. Feb. 11, 2019), adopted, 2019 WL 5693766 (C.D. Cal. Oct. 31, 2019).  Thus, the Act "makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal."  Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005); 8 U.S.C. § 1252(a).  Therefore, this Court lacks jurisdiction over the Petition.  Dismissal without prejudice is appropriate.  See Iasu v. Smith, 511 F.3d 881, 888-89 (9th Cir. 2007) (transfer to the Ninth Circuit of a habeas petition filed after May 11, 2005 is not an option).

("Order Dismissing Petition Without Prejudice," filed May 1, 2024 in Landeros, et al. v. Biden, ED CV 24-842-TJH(E), pp. 3-4).

This Court also lacks jurisdiction to review decisions of the Ninth Circuit.  See Insurance Group Committee v. Denver & Rio Grande Western R.R. Co., 329 U.S. 607, 612 (1947) ("When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court."); Feldman v. Henman, 815 F.2d 1318, 1322 (9th Cir. 1987) (district court cannot entertain petition seeking to undo the Ninth Circuit's resolution of a matter previously addressed to the Ninth Circuit); United States v. Sanders, 142 F. Supp. 638, 641 (D. Md. 1956) (district court cannot remedy by collateral review "any alleged or suggested error of the Court of Appeals").

///
///
///
///
///
///

**ORDER**

For all of the foregoing reasons, IT IS ORDERED that the Petition is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 7, 2025.

```
                                    _____
                                              TERRY J. HATTER, JR.
                                         UNITED STATES MAGISTRATE JUDGE
```

PRESENTED this 4th day of

February, 2025, by:

```
     /S/
_____
     CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE
```